UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHADNEY HAMER,

    Plaintiff,

v.

COUNTY OF KENT, et al.,

    Defendants.
_____/

File No. 1:13-CV-504

HON. ROBERT HOLMES BELL

# ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 6, 2013, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Defendant Kent County's amended Rule 12(c) motion to dismiss (Dkt. No. 20), Corizon Defendants'[1] motion to dismiss Plaintiff's § 1983 claim against Corizon Health, Inc., and to dismiss the the Count II pendent state-law claim for gross negligence against the individual Corizon Defendants (Dkt. No. 19) be granted. (Dkt. No. 39, R&R.) Plaintiff Shadney Hamer filed objections to the R&R on November 20, 2013. (Dkt. No. 42.) Defendant Kent County and the Corizon Defendants filed a joint response to Plaintiff's objections on December 4, 2013. (Dkt. No. 43.)

This Court is required to make a de novo determination of those portions of the R&R

---

[1] The Corizon Defendants are Corizon Health, Inc., Daniel Carrel, M.D., Sharon Kaufman, RN, Phil Rengo, RN, and Paul Albin, LPN.

to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff has raised two objections to the R&R. Plaintiff's first objection is that the R&R effectively imposed a heightened pleading requirement in *Monell* cases. Contrary to Plaintiff's assertions, the R&R did not impose a heightened pleading standard. The R&R simply held Plaintiff's complaint to the plausibility standard outlined in *Twombly* and *Iqbal*. Nothing in Plaintiff's objections suggests that the Magistrate Judge improperly applied this standard, and the Court agrees with the R&R's application of the standard. *See also D'Ambrosio v. Marino*, Case No. 13-3118, slip. op. (6th Cir. March. 27, 2014) (underscoring the need to allege facts to support municipal liability based on a failure to train).

Plaintiff's second objection is that the R&R failed to undertake an analysis of the allegations in paragraphs 42(b), (d), and (g) of his complaint. Plaintiff's objection lacks merit. The R&R considered all of the allegations in paragraph 42, and correctly determined that subparagraphs (b), (d), and (g), were among the allegations that simply alleged in a conclusory fashion the failure to train and the failure to adopt policies and procedures, without alleging any facts that would suggest a plausible basis for inferring that the County

2

was alerted to a need for more training or different policies. (R&R 7, 9.) Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 42) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the November 6, 2013, R&R (Dkt. No. 39) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant County's amended Rule 12(c) motion to dismiss (Dkt. No. 20), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Corizon Defendants' motion to dismiss Plaintiff's § 1983 claim against Corizon Health, Inc., and to dismiss the Count II pendent state-law claim for gross negligence against the individual Corizon Defendants (Dkt. No. 19) is **GRANTED**.


Dated: March 27, 2014              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE