UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHADNEY HAMER,

        Plaintiff,

                                                     File No. 1:13-CV-504

v.

                                                   HON. ROBERT HOLMES BELL

COUNTY OF KENT, et al.,

        Defendants.
_____/

**O P I N I O N**

On February 28, 2014, United States Magistrate Judge Joseph G. Scoville entered an order denying Plaintiff Shadney Hamer's motion for leave to file a first amended complaint. (Dkt. No. 62.) Plaintiff filed objections to the order on March 14, 2013. (Dkt. No. 65.)

An order denying leave to amend is a non-dispositive order. This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact simply because this Court would have decided the case differently. *Easley v. Cromartie* 532 U.S. 234, 242 (2001). Legal conclusions, on the other hand, are reviewed de novo. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-CV-76, 2010 WL 748215, at *1 (W.D. Mich. Mar.1, 2010) (Maloney, C.J.) (citing *Gandee*, 785 F. Supp. at 686).

The Magistrate Judge denied Plaintiff's motion to amend as futile based on his determination that the proposed amended complaint would not withstand a Rule 12(b)(6) motion to dismiss. (Dkt. No. 68, Tr. 63.) The determination that amendment would be futile is a legal determination that this Court reviews de novo. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Plaintiff contends that the Magistrate Judge's order is factually and legally incorrect because his proposed amended complaint sets forth allegations regarding longstanding customs/practices of Defendant Corizon. Plaintiff specifically directs the Court to his

2

allegations in paragraphs 42 and 43.  Plaintiff asserts that the Magistrate Judge unnecessarily applied heightened pleading requirements when he found these allegations insufficient.  According to Plaintiff, the allegations fairly and reasonably place the corporate defendants (Defendants Kent County and Corizon) on notice of the factual predicate of municipal/county liability based upon policy and practice, and that the federal rules require nothing more.

The Court has reviewed de novo Plaintiff's objection and his proposed amended complaint, including paragraphs 42 and 43.  For purposes of this opinion, the Court will accept Plaintiff's assertion that these allegations fairly place the corporate defendants on notice of what customs and/or practices are at the heart of Plaintiff's claim of municipal/county liability.  Nevertheless, Plaintiff has failed to show that his proposed complaint would survive a Rule 12(b)(6) motion to dismiss.  Plaintiff has not addressed the pleading deficiencies identified by the Magistrate Judge, nor has he even attempted to show that his proposed amended complaint meets the *Twombly/Iqbal* plausibility standard.

The Court agrees with the Magistrate Judge that Plaintiff's proposed amended complaint fails to allege a claim of municipal or corporate liability.  As a preliminary matter, the Magistrate Judge did not heighten the pleading standard.  The Magistrate Judge merely applied the plausibility requirement of *Twombly* and *Iqbal*: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550, U.S. 544, 556 (2007)).

Plaintiff has not alleged facts to support a plausible claim that the corporate defendants' customs, practices, or failures amount to deliberate indifference. An Eighth Amendment deliberate indifference claim requires knowledge of and disregard of an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)); *see also Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 358 (6th Cir. 2013) ("To satisfy the subjective component [of a deliberate indifference claim], a plaintiff must allege and ultimately prove that the defendant was aware of facts from which the inference could be drawn that a substantial risk of harm would exist if needed care were not provided, that the defendant actually drew the inference, and that the defendant acted in disregard of that risk.").

As fully explained in the Magistrate Judge's oral opinion (Dkt. No. 68), Plaintiff has not alleged facts to show that the corporate defendants were on actual or constructive notice of prior constitutional deprivations associated with their customs, practices, or failures. Neither has Plaintiff alleged any other facts to show that the corporate defendants knew that their customs, policies, or failures created a substantial risk of harm. In the absence of such notice, Plaintiff cannot plausibly assert that the corporate defendants acted with deliberate indifference by failing to adopt alternative policies, by failing to provide written protocols,

4

or by failing to train. Plaintiff has not pleaded factual content that allows the court to draw the reasonable inference that the corporate defendants are liable for deliberate indifference. The Magistrate Judge's February 28, 2014, order denying Plaintiff's motion to file an amended complaint (Dkt. No. 62) is neither clearly erroneous nor contrary to law, and will be affirmed.

    An order consistent with this opinion will be entered.


Dated: <u>April 15, 2014</u>           <u>/s/ Robert Holmes Bell</u>
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE